COOKS, J.,
dissenting.
IT dissent from the majority’s affir-mance of the adjudication and disposition on the charge of simple battery against the eleven year-old child, J.A. I find the evidence introduced at the adjudication hearing was insufficient to prove all of the elements of the offense of simple battery beyond a reasonable doubt under the standard of review applicable to delinquency proceedings.
The record in this case clearly established J.A. had a seizure disorder. At trial, his grandmother, who has been J.A.’s guardian since birth, testified when J.A. has a seizure, he kicks, hits and acts out behaviorally. Following the seizure, he is exhausted and usually suffers a nose bleed. As a result of his seizure disorder, J.A. is in a special education class.
*965 The record established J.A. suffered a seizure that morning and,, according to J.A.’s grandmother, she was told by the school nurse he suffered a second one during the -altercation with D.E, J.A. left class because he had a headache and then a nosebleed .that morning-common effects after suffering a seizure. There also was no dispute that J.A. experienced a nosebleed that afternoon after the altercation. When asked why he hit D.E., J.A. denied doing anything and also denied even going to P.E. class, where the altercation occurred. It was testified that J.A. -often cannot recall what happened when he has a seizure and has no control over what he does when he has a seizure.
I find the above clearly contradicts the majority’s assertion that the record does not reflect any of the symptoms of a seizure. On this point, the majority [¿‘cherry picks” its seizure symptoms, writing “ftjhere was no testimony that J.A. exhibited any of the symptoms of what he referred to as a ‘bad seizure,’ such , as falling, kicking, or body, spasms.” Initially, I note the majority ignores the fact J.A. suffered a nose bleed after the altercation, which was established to be. a common symptom experienced by J.A. after a seizure.. The supposed absence of the symptoms referenced by the majority is established only by the testimony of L.C. and T.H., classmates of J.A. I And it troubling to assume two, eleven year old children were able to decipher whether J.A. exhibited symptoms of a seizure. Moreover, T.C. testified when he asked, J.A, why he struck D.E., J.A. denied doing anything and he also denied going to P.E., where the striking of D.E. occurred. J.A. often does not remember what happens when he has a seizure. There was also'inconsistency in the testimony of L.C. and T.H. T.H. testified the punch occurred during P.E. class, which was confirmed by D.E. L.C., however, stated the punch occurred in the band room. T.H. testified there , were a few light pats to the chin followed by a punch to the chest. L.C. testified there were several light hits to the chest, and then a hard punch to the jaw.
Thus, there were several different, conflicting versions of the events leading up to the punch in question. .However, there was no dispute that J.A. had earlier that day suffered a seizure and immediately following the altercation, experienced a nosebleed, which was a common after effect of a seizure. As noted, T.H. testified J.A. stated he did not remember 'doing anything to D.E. immediately after the altercation, consistent with the uneontradicted testimony that J.A. often cannot recall what happened when he has a seizure.
The majority Opinion is also silent on the fact that the findings of the Lafayette Parish School Board Manifestation Determination Review committee concluded the infraction was-caused by, or had a direct and substantial relationship to J.A,’s seizure disorder. ■ Thus, I cannot agree that J.A.had the general intent [«required to commit a battery and he did not intend , the consequences which resulted from his involuntary actions! Without intent, there can be no battery.
- It is important to note that J.A. was in-a special education class as a result of his inability to: control his behavior and seizures due to a physical disability. To adjudicate J.A. as a delinquent child for having committed simple battery, when there was ample evidence in the record that J.A. suffered from a physical disability that affected his ability to control his conduct is inappropriate. Therefore, I dissent from the majority’s affirmance of the adjudication and disposition of J.A. on the charge of simple battery. .■